**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DARIUS E. LeFLORE,** | ) | **CASE NO. 1:10CV0268** |
| | ) | |
| Petitioner, | ) | **JUDGE JAMES S. GWIN** |
| | ) | |
| v. | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **MARGARET BRADSHAW, Warden,** | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner, Darius LeFlore ("LeFlore"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. LeFlore*, Crawford County Court of Common Pleas Case No. 07CR0055. LeFlore filed his Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on January 16, 2010.[1] On May 5, 2010, Warden Margaret Bradshaw ("Respondent") filed a Motion to Dismiss. (Doc. No. 7.) LeFlore filed an opposition brief on May 19, 2010. (Doc. No. 8.) This matter is before this Court pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that LeFlore's Petition be dismissed.

## I. Procedural History

### A. Conviction

In March 2007, a Crawford County Grand Jury charged LeFlore with two counts of robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.02(A)(3). (Doc. No. 7-2, Exh. 1.) A jury found LeFlore guilty as charged. (Doc. No. 7-2, Exhs. 2, 3.) He was sentenced on February 20, 2008, to serve an aggregate prison term of eight years. (Doc. No. 7-2, Exh. 4.)

### B. Direct Appeal

Represented by new counsel, LeFlore filed a timely Notice of Appeal with Ohio's Third

---

[1] LeFlore's Petition was filed on February 5, 2010; however, for purposes of this opinion, the Court will consider January 16, 2010, the date on which the Petition was signed and could have been submitted to the mail room, as the "filing date." (Doc. No. 1 at 6.)

District Court of Appeals ("state appellate court") raising a single assignment of error: "There was insufficient evidence to convict the Appellant of the February 22, 2007 Robbery and that conviction was against the manifest weight of the evidence." (Doc. No. 7-2, Exh. 6.) On September 8, 2008, the state appellate court affirmed. (Doc. No. 7-2, Exh. 8.)

On December 2, 2008, LeFlore, *pro se*, filed a Notice of Appeal and a Motion for Delayed Appeal with the Ohio Supreme Court. (Doc. No. 7-2, Exhs. 9, 10.) On January 28, 2009, without discussion, the motion for delayed appeal was denied. (Doc. No. 7-2, Exh. 11.)

### C. Post-Sentencing Motions

On September 16, 2009, LeFlore, *pro se*, filed a motion with the trial court requesting it to issue a final sentencing order. (Doc. No. 7-2, Exh. 12.) He argued that the final judgment entry filed February 21, 2008, was void for the following reasons:

> 1. The judgment entry does not state the type of conviction or purports the actual signature by this Court as required in *State v. Baker*, 119 Ohio St.3d 197. . .
>
> 2. . . . this Court also failed to properly sentence the Defendant to post release control for each convicted count.

*Id*. The State did not file a response, and the trial court has not ruled on the motion.

Simultaneously, on September 16, 2009, LeFlore, *pro se*, filed a "Motion to Vacate Void Judgment Entry" with the state appellate court. (Doc. No. 7-2, Exh. 13.) That court treated the motion as a request to reconsider pursuant to Ohio App. R. 26(A) and, on October 1, 2009, ruled it to be untimely.[2] (Doc. No. 7-2, Exh. 16.) LeFlore did not appeal this decision.

### D. Federal Habeas Petition

LeFlore's habeas petition, purportedly signed on January 16, 2010, raises a single ground for relief:

**Ground One**: The Conviction was obtained without sufficient Evidence of Petitioner's Guilt as Required by the United States Constitution.

(Doc. No. 1.)

---

[2]Pursuant to Ohio App. R. 26(A), such a motion must be filed within ten days after the announcement of the court's decision.

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  In AEDPA, Congress enacted a period of limitations for the filing of habeas petitions.  The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

Respondent contends the Petition is time-barred.  LeFlore's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on October 23, 2008, after the 45 day period in which he could have filed an appeal with the Ohio Supreme Court expired.  The statute of limitations commenced running the following day, on October 24, 2008.  *See* Fed.R.Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).  LeFlore had one year, or until October 26, 2009, to timely file his federal habeas petition.[3]  He did not do so until January 16, 2010.  Therefore, absent an alternate beginning date for the period of limitations, or the applicability of tolling provisions, LeFlore's Petition is untimely.

---

[3]October 24, 2009, fell on a Saturday.  Therefore, LeFlore would have had until the next business day, Monday, October 26, 2009, to file his federal habeas petition.

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2). *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (*quoting Carey v. Saffold,* 536 U.S. 214 (2002)); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*[4]

Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely")*; Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at 2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

LeFlore filed a delayed appeal with the Ohio Supreme Court on December 2, 2008, which remained pending until January 28, 2009. This 58-day time period tolled, but did not cause the limitations period to begin anew. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) *cert. denied*, 534 U.S. 905 (2001); *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). Adding the 58 tolled days would cause the limitations period to expire on December 21, 2009.[5]

---

[4]An application for state habeas review is an application for state post-conviction review or other collateral review within the meaning of the AEDPA. *See Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003), *overruled on other grounds as stated in Sanders v. Bobby*, 2008 WL 276415 (N.D. Ohio Jan. 31, 2008).

[5]Consistent with the other district courts within this Circuit, the Court finds that binding Sixth Circuit authority, *see, e.g., Searcy v. Carter*, 246 F.3d at 518-19, forecloses any argument that a motion for delayed appeal is part of direct review. *See, e.g., Hines v. Brunsman*, Case No.

4

LeFlore, however, filed two post-sentencing motions in the state court, one of which he claims caused additional tolling.[6]

Specifically, LeFlore argues that his motion asking the trial court to issue a final order tolled the statute.  (Doc. No. 8 at 4.)  Further, since that court has yet to rule on the motion, he claims the statute remains tolled.  (Doc. No. 8 a 5.)  Respondent argues that since the trial court has no jurisdiction to issue the order, the motion was never properly filed and tolling is inapplicable.  (Doc. No. 7 at 5, 6.)

In LeFlore's motion with the trial court, it appears he was attempting to vacate his

---

3:08cv2916, at *14 (N.D. Ohio Feb. 26, 2010) (*citing Searcy*, 246 F.3d at 518-19 for the proposition that a motion for delayed appeal tolls the limitations period "during its pendency before the state courts"); *Kimble v. Gansheimer*, 4:08cv1048, 2009 WL 4676959, at * 16 (N.D. Ohio Dec. 4, 2009) ("[T]his court must be guided by *DiCenzi* and *Searcy* to find that Kimble's motion for delayed appeal to the Ohio Supreme Court only tolled the 1-year period while it was actually pending as a postconviction matter governed by § 2244(d)(2)."); *Wilcox v. Kerns*, Case No. 2:08cv318, 2009 WL 2899892, at *1 (S.D. Ohio Sept. 2, 2009) (*citing Lawrence* and holding that "the statute of limitations was not tolled the ninety days after the Ohio Supreme Court dismissed petitioner's motion for delayed appeal"); *Lee v. Warden*, Case No. 2:08cv415, 2009 WL 1911917, at *1 (S.D. Ohio June 30, 2009) (holding that "state court motions for delayed appeal are considered to be post conviction or collateral proceedings, and the statute of limitations therefore is not tolled during the time period that petitioner could have filed a petition for a writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's denial of such a motion."); *Sudberry v. Warden*, 626 F.Supp.2d 767, 770-71 (S.D. Ohio 2009); *Plaza v. Hudson*, Case No. 07cv674, 2008 WL 5273899, at *5 n. 6 (N.D. Ohio Dec.17, 2008) (*citing Sanders v. Bobby*, 5:07cv682, 2008 WL 276415 (N.D. Ohio Jan.31, 2008)); *Foster v. Bobby,* 2010 WL 1524484, 3 (N.D. Ohio Apr. 15, 2010).

LeFlore's motion for delayed appeal is, therefore, an application for collateral review and, in light of *Lawrence v. Florida,* 549 U.S. 327, 127 S.Ct. 1079 (2007), LeFlore is not entitled to § 2244(d)(2) tolling for the 90-day period following the denial of his motion for delayed appeal.  *Lawrence*, 549 U.S. at 334.

[6]LeFlore does not argue that the motion he filed with the state appellate court to void the judgment also tolled the statute.  As this motion was pending for only fifteen days, and would not save his Petition even if tolling was granted, the only relevant consideration is the applicability of tolling to his motion in the trial court.

5

sentence as he claims the court did not address his post-release control sanction.[7] In his brief, LeFlore characterizes this motion as requesting "the trial court to provide a final appealable order." (Doc. No. 7-2, Exh. 12.) Respondent contends that as LeFlore's motion was not filed with the trial court until after the state appellate court affirmed his conviction, the trial court lacked jurisdiction to rule. *See State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 236 915 N.E.2d 633, 640 (2009) (A writ of prohibition issued preventing a trial from proceeding after the trial court granted a motion to withdraw a guilty plea when the conviction had already been affirmed by the state appellate court, "for this action would affect the decision of the reviewing court, which is not within the power of a trial court to do.")

Furthermore, pursuant to Ohio law, a trial court may treat a motion, regardless of its caption, as a petition for postconviction relief, if the motion, filed after direct appeal, claims a denial of a constitutional right, and seeks to render the final judgment void. *See State v. Smith*, 180 Ohio App.3d 684, 906 N.E.2d 1191 (9th Dist. Summit County, 2009) (petition was captioned "motion for resentencing"); *State v. Fulk*, 172 Ohio App.3d 635, 876 N.E.2d 983 (3rd Dist. Van Wert County 2007) (petition was captioned "motion for relief from judgment"). Setting aside the issue that LeFlore's motion did not claim the denial of a constitutional right, in Ohio, a state postconviction petition must be filed within 180 days from the date the trial transcript is filed with the state appellate court. O.R.C. § 2953.21(A)(2). If the state postconviction petition is not timely filed, the trial court has "no duty to issue findings of fact and conclusions of law." *See State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 889 N.E.2d 533, 534 (Ohio 2008). More importantly, as it relates to AEDPA, an untimely postconviction petition does not toll the running of the statute. *See Allen*, 552 U.S. at 3-4; *Pace*, 544 U.S. at 414.

LeFlore's motion, if treated as a state postconviction petition, was untimely and, therefore, not properly filed. The trial transcript was filed in the state appellate court on April

---

[7]LeFlore also argued that due to clerical errors by the trial court, the judgment entry was void. Further, he claims since it was void, there was never a final order reviewable by the state appellate court. (Doc. No. 7-2, Exh. 12.) For these reasons, LeFlore requested the trial court to vacate the judgment entry and schedule a new sentencing hearing. *Id*.

18, 2008. (Doc. No. 7-4.) LeFlore's motion was filed on September 16, 2009, well after the 180 day deadline.[8] As this motion was untimely filed, the statute of limitations was not tolled.

Lastly, the Court must determine whether equitable tolling saves LeFlore's Petition. The petitioner bears the burden of proving that equitable tolling is applicable. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In order to be entitled to equitable tolling, LeFlore must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). LeFlore has failed to advance any equitable tolling argument.

In summary, under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the limitations period ran its course prior to January 16, 2010. Therefore, the instant federal habeas corpus petition is time-barred.

### III. Conclusion

For the foregoing reasons, the Court recommends that LeFlore's Petition be dismissed.

    s/ Greg White
United States Magistrate Judge

Dated:  October 6, 2010

### OBJECTIONS

**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  See also Thomas v. Arn, 474 U.S. 140 (1985),** *reh'g denied***, 474 U.S. 1111 (1986).**

---

[8]Pursuant to Ohio law, the trial court was not required to rule on the motion. *See George,* 889 N.E.2d at 534.